**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MERCK SHARP & DOHME LLC., <br><br> *Plaintiff*, <br><br> v. <br><br> PRINSTON PHARMACEUTICAL INC., <br><br> *Defendant*. | C.A. No. _____ |

## **COMPLAINT**

Plaintiff Merck Sharp & Dohme LLC. ("Merck"), by its attorneys, for its Complaint, alleges as follows:

1.      This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, and for a declaratory judgment of patent infringement under 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, Title 35, United States Code, that arises out of Defendant's submission of Abbreviated New Drug Application ("ANDA") No. 216886 to the U.S. Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell, and/or import versions of JANUVIA® (sitagliptin phosphate tablets) prior to the expiration of U.S. Patent No. 7,326,708 ("the '708 patent").

2.      Prinston Pharmaceutical Inc. notified Merck by letter dated July 1, 2022 ("Prinston's Notice Letter") that Prinston Pharmaceutical Inc. had submitted to the FDA ANDA No. 216886 ("Prinston's ANDA"), seeking approval from the FDA to engage in the commercial

1

manufacture, use, offering for sale, sale, and/or importation of generic sitagliptin phosphate oral tablets ("Prinston's ANDA Product") prior to the expiration of the '708 patent.

3.    On information and belief, Prinston's ANDA Product is a generic version of Merck's JANUVIA® product.

## PARTIES

4.    Plaintiff Merck is a corporation organized and existing under the laws of New Jersey, having its corporate offices and principal place of business at 126 East Lincoln Ave, P.O. Box 2000, Rahway, NJ 07065 USA.

5.    Merck is the holder of New Drug Application ("NDA") No. 21995 for JANUVIA® (sitagliptin phosphate), which has been approved by the FDA.

6.     On information and belief, Defendant Prinston Pharmaceutical Inc. ("Prinston") is a corporation organized and existing under the laws of the State of Delaware, with a place of business at 700 Atrium Drive Somerset, New Jersey 08873.  Upon information and belief, Prinston is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical drugs for the U.S. market.

7.    On information and belief, Prinston knows and intends that upon approval of Prinston's ANDA, Prinston will manufacture, market, sell, and distribute Prinston's ANDA Product throughout the United States, including in Delaware.

8.    On information and belief, following any FDA approval of Prinston's ANDA, Prinston will distribute and sell Prinston's ANDA Product throughout the United States, including within Delaware.

ME1 41933614v.1

## JURISDICTION

9.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

10.     This Court has personal jurisdiction over Prinston.

11.     Prinston Pharmaceutical Inc. is subject to personal jurisdiction in Delaware because, among other things, it has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here.  Prinston Pharmaceutical Inc. is a corporation organized and existing under the laws of the State of Delaware, is qualified to do business in Delaware, and has appointed a registered agent for service of process in Delaware. It therefore has consented to general jurisdiction in Delaware. In addition, on information and belief, Prinston Pharmaceutical Inc. develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business within the State of Delaware related to Merck's claims, and/or has engaged in systematic and continuous business contacts within the State of Delaware.

12.     In addition, this Court has personal jurisdiction over Prinston because Prinston engages in patent litigation concerning FDA-approved branded drug products in this district, does not contest personal jurisdiction in this district, and has purposefully availed itself of the rights and benefits of this Court by asserting claims and/or counterclaims in this Court. *See, e.g.*, *Astellas Pharma Inc. et al v. Sandoz Inc. et al.*, 20-1589-JFB-CJB (D. Del. 2020); *Otsuka Pharmaceutical Co. Ltd. et al v. Prinston Pharmaceutical Inc..* 20-1502-LPS (D. Del. 2020).

ME1 41933614v.1

13.     On information and belief, if Prinston's ANDA is approved, Prinston will manufacture, market, sell, and/or distribute Prinston's ANDA Product within the United States, including in Delaware, consistent with Prinston's practices for the marketing and distribution of other generic pharmaceutical products.  On information and belief, Prinston regularly does business in Delaware, and its practices with other generic pharmaceutical products have involved placing those products into the stream of commerce for distribution throughout the United States, including in Delaware.  On information and belief, Prinston's generic pharmaceutical products are used and/or consumed within and throughout the United States, including in Delaware.  On information and belief, Prinston's ANDA Product will be prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and used by patients in Delaware. Each of these activities would have a substantial effect within Delaware and would constitute infringement of Merck's patent in the event that Prinston's ANDA Product is approved before the patent expires.

14.     On information and belief, Prinston derives substantial revenue from generic pharmaceutical products that are used and/or consumed within Delaware, and which are manufactured by Prinston and/or for which Prinston is the named applicant on approved ANDAs.  On information and belief, various products for which Prinston is the named applicant on approved ANDAs are available at retail pharmacies in Delaware.

## **VENUE**

15.     Merck incorporates each of the preceding paragraphs 1–14 as if fully set forth herein.

16.     Venue is proper in this district as to Prinston Pharmaceutical Inc. under 28 U.S.C. § 1400(b) because Prinston Pharmaceutical Inc. is a corporation organized and existing

4

under the laws of the State of Delaware and is subject to personal jurisdiction in this judicial district.

## THE '708 PATENT

17.     Merck incorporates each of the preceding paragraphs 1–16 as if fully set forth herein.

18.     The inventors named on the '708 patent are Stephen Howard Cypes, Alex Minhua Chen, Russell R. Ferlita, Karl Hansen, Ivan Lee, Vicky K. Vydra, and Robert M. Wenslow, Jr.

19.     The '708 patent, entitled "Phosphoric Acid Salt of a Dipeptidyl Peptidase-IV Inhibitor" (attached as Exhibit A), was duly and legally issued on February 5, 2008.

20.     Merck is the owner and assignee of the '708 patent.

21.     The '708 patent claims, *inter alia*, a dihydrogenphosphate salt of 4-oxo-4-[3-(trifluoromethyl)-5,6-dihydro[1,2,4]triazolo[4,3-a]pyrazin-7(8H)-yl]-1-(2,4,5-trifluorophenyl)butan-2-amine of structural formula I, or a hydrate thereof, as recited in claim 1 of the '708 patent.

22.     JANUVIA®, as well as methods of using JANUVIA®, are covered by one or more claims of the '708 patent, including claim 1 of the '708 patent, and the '708 patent has been listed in connection with JANUVIA® in the FDA's Orange Book.

## COUNT I – INFRINGEMENT OF THE '708 PATENT

23.     Merck incorporates each of the preceding paragraphs 1–22 as if fully set forth herein.

24.     In Prinston's Notice Letter, Prinston notified Merck of the submission of Prinston's ANDA to the FDA.  The purpose of this submission was to obtain approval under the

5

FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Prinston's ANDA Product prior to the expiration of the '708 patent.

25.    In Prinston's Notice Letter, Prinston also notified Merck that, as part of its ANDA, Prinston had filed certifications of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355 (j)(2)(A)(vii)(IV), with respect to the '708 patent.  On information and belief, Prinston submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '708 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Prinston's ANDA Product.

26.    In Prinston's Notice Letter, Prinston stated that Prinston's ANDA Product contains sitagliptin phosphate as an active ingredient.

27.    Prinston's ANDA Product, and the use of Prinston's ANDA Product, is covered by one or more claims of the '708 patent, including at least claim 1 of the '708 patent, because claim 1 of the '708 patent covers the sitagliptin phosphate contained in Prinston's ANDA Product.

28.    In Prinston's Notice Letter, Prinston did not contest infringement of claim 1 of the '708 patent.

29.    Prinston's submission of Prinston's ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Prinston's ANDA Product before the expiration of the '708 patent was an act of infringement of the '708 patent under 35 U.S.C. § 271(e)(2)(A).

ME1 41933614v.1

30. On information and belief, Prinston will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Prinston's ANDA Product immediately and imminently upon approval of its ANDA.

31. The manufacture, use, sale, offer for sale, or importation of Prinston's ANDA Product would infringe one or more claims of the '708 patent, including at least claim 1 of the '708 patent.

32. On information and belief, the manufacture, use, sale, offer for sale, or importation of Prinston's ANDA Product in accordance with, and as directed by, its proposed product labeling would infringe one or more claims of the '708 patent, including at least claim 1 of the '708 patent.

33. On information and belief, Prinston plans and intends to, and will, actively induce infringement of the '708 patent when Prinston's ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval. Prinston's activities will be done with knowledge of the '708 patent and specific intent to infringe that patent.

34. On information and belief, Prinston knows that Prinston's ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '708 patent, that Prinston's ANDA Product is not a staple article or commodity of commerce, and that Prinston's ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. On information and belief, Prinston plans and intends to, and will, contribute to infringement of the '708 patent immediately and imminently upon approval of Prinston's ANDA.

35. Notwithstanding Prinston's knowledge of the claims of the '708 patent, Prinston has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or

7

import Prinston's ANDA Product with its product labeling following FDA approval of Prinston's ANDA prior to the expiration of the '708 patent.

36.    The foregoing actions by Prinston constitute and/or will constitute infringement of the '708 patent; active inducement of infringement of the '708 patent; and contribution to the infringement by others of the '708 patent.

37.    On information and belief, Prinston has acted with full knowledge of the '708 patent and without a reasonable basis for believing that it would not be liable for infringement of the '708 patent; active inducement of infringement of the '708 patent; and/or contribution to the infringement by others of the '708 patent.

38.    Merck will be substantially and irreparably damaged by infringement of the '708 patent.

39.    Unless Prinston is enjoined from infringing the '708 patent, actively inducing infringement of the '708 patent, and contributing to the infringement by others of the '708 patent, Merck will suffer irreparable injury.  Merck has no adequate remedy at law.

## COUNT II – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '708 PATENT

40.    Merck incorporates each of the preceding paragraphs 1–39 as if fully set forth herein.

41.    The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Merck on the one hand and Prinston on the other regarding Prinston's infringement, active inducement of infringement, and contribution to the infringement by others of the '708 patent.

42.    The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Prinston's ANDA Product with its proposed labeling, or any other

8

Prinston drug product that is covered by or whose use is covered by the '708 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '708 patent, and that the claims of the '708 patent are valid.

## PRAYER FOR RELIEF

WHEREFORE, Merck requests the following relief:

(a)     A judgment that the '708 patent has been infringed under 35 U.S.C. § 271(e)(2) by Prinston's submission to the FDA of Prinston's ANDA;

(b)     A judgment ordering that the effective date of any FDA approval of the commercial manufacture, use, or sale of Prinston's ANDA Product, or any other drug product that infringes or the use of which infringes the '708 patent, be not earlier than the latest of the expiration date of the '708 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(c)     A preliminary and permanent injunction enjoining Prinston, and all persons acting in concert with Prinston, from the commercial manufacture, use, sale, offer for sale, or importation into the United States of Prinston's ANDA Product, or any other drug product covered by or whose use is covered by the '708 patent, prior to the expiration of the '708 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(d)     A judgment declaring that the commercial manufacture, use, sale, offer for sale or importation of Prinston's ANDA Product, or any other drug product that is covered by or whose use is covered by the '708 patent, prior to the expiration of the '708 patent, will infringe, induce the infringement of, and contribute to the infringement by others of, the '708 patent;

(e)     A declaration that this is an exceptional case and an award of attorney's fees pursuant to 35 U.S.C. § 285;

ME1 41933614v.1

(f)    Costs and expenses in this action; and

(g)    Such further and other relief as this Court may deem just and proper.

Dated: August 15, 2022                                Respectfully submitted,

OF COUNSEL:                                          McCARTER & ENGLISH, LLP

Bruce R. Genderson                                  */s/ Daniel M. Silver*
Stanley E. Fisher                                   Daniel M. Silver (#4758)
Elise M. Baumgarten                                 Alexandra M. Joyce (#6423)
Alexander S. Zolan                                  Renaissance Centre
Shaun P. Mahaffy                                    405 N. King Street, 8th Floor
Anthony H. Sheh                                     Wilmington, DE 19801
Sarahi Uribe                                        T: (302) 984-6300
Vanessa Omoroghomwan                                dsilver@mccarter.com
Jihad Komis                                         ajoyce@mccarter.com
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW,                                *Attorneys for Plaintiff*
Washington, DC 20024                                *Merck Sharp & Dohme LLC.*
T: (202) 434-5000
F: (202) 434-5029
bgenderson@wc.com
sfisher@wc.com
ebaumgarten@wc.com
azolan@wc.com
smahaffy@wc.com
asheh@wc.com
suribe@wc.com
vomoroghomwan@wc.com
jkomis@wc.com

10